```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

**MARCUS O. TAITE, #180664,**          \*
                                        \*
    **Plaintiff,**               \*
                                        \*
**vs.**                                 \*    **CIVIL ACTION NO. 23-00428-KD-B**
                                        \*
**CLARKE COUNTY, ALABAMA DISTRICT**     \*
**ATTORNEYS PROSECUTORS,** *et. al.*,   \*
                                        \*
    **Defendants.**              \*

## REPORT AND RECOMMENDATION

Plaintiff Marcus Taite,[1] an Alabama inmate, filed the instant action without paying the statutory filing fee. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

---

[1] PACER (Public Access to Courts Electronic Records) reflects 52 cases and appeals for Marcus O(rlando) Taite, 61 cases and appeals for Marcus O(rlando) Tate, and 31 cases and appeals for Drelijah J(oshua) Muhammad(-Ali). Taite also uses the name Marcus O. Tate-El-Bey-Tey-Washitaw. Tate v. Spencer, 2018 U.S. Dist. LEXIS 102322, 2018 WL 3405414 (S.D. Ala. June 30, 2018). The Court realizes that occasionally a case may appear under more than one of his names in PACER's listings. Notwithstanding, the number of cases under just one name reflects Taite's litigiousness.

>    grounds that it is frivolous, malicious, or
>    fails to state a claim upon which relief may be
>    granted, unless the prisoner is under imminent
>    danger of serious physical injury.

This section is intended to curb abusive prisoner litigation by requiring prisoners who have had three actions or appeals dismissed as meritless to pay the full filing fee when their next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199, 215-16 (2007); see also Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[The] Eleventh Circuit [has] determined that a prisoner must allege a present imminent danger . . . under section 1915(g)[.]"); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (noting that plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his complaint or that he was in jeopardy of any ongoing danger").

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, that Taite has at least three actions or appeals that were previously dismissed as frivolous, malicious,

or for failure to state a claim upon which relief can be granted. See, e.g., Taite v. Walker, 2014 U.S. Dist. LEXIS 178667, 2014 WL 7411800 (S.D. Ala. Dec. 31, 2014) (dismissing action under § 1915(g)); Tate v. Alabama, 2010 U.S. Dist. LEXIS 79615, 2010 WL 3155281 (S.D. Ala. Aug. 4, 2010) (dismissing action under § 1915(g)); Tate v. Bivins, 2008 U.S. Dist. LEXIS 52754, 2008 WL 2705388 (S.D. Ala. July 10, 2008) (dismissing action under § 1915(g)); Tate v. Bass, 2007 U.S. Dist. LEXIS 94158, 2007 WL 4571256 (M.D. Ala. Dec. 26, 2007) (recommending dismissal under § 1915(g)), report and recommendation adopted, 2008 U.S. Dist. LEXIS 3093, 2008 WL 160599 (M.D. Ala. Jan. 15, 2008).

Accordingly, in order to avoid the dismissal of the present action pursuant to § 1915(g), Taite must satisfy the exception to § 1915(g). In other words, he must demonstrate that at the time he filed the instant complaint, he was "under imminent danger of serious physical injury." Medberry, 185 F.3d at 1193 (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

After carefully reviewing Taite's allegations (Doc. 1), the Court cannot discern a claim showing that he was under imminent danger of serious physical injury at the time he filed his complaint. As best the Court can discern, Taite appears to question the authority of the Alabama judiciary, legislature, and executive branch to take any action as it pertains to "sovereign citizens."

3

Nothing in Taite's complaint suggests that he is alleging that he is in danger of serious physical injury. Instead, he is challenging the authority of state officials to act.

In the absence of facts showing that Taite was under "imminent danger of serious physical injury" at the time he filed his complaint, he cannot avail himself of § 1915(g)'s exception. As a result, his failure to pay the $402.00 filing fee at the time he filed this action necessitates that this action be dismissed without prejudice. Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full "filing fee at the time he initiates the suit") (emphasis in original); Vanderberg, 259 F.3d at 1324 (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party

failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **22nd** day of **November, 2023.**

                                        **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**